*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BMG,

Petitioner-Appellee,

v

RB,

Respondent-Appellant.

UNPUBLISHED
October 20, 2022

No. 359111
Ingham Circuit Court
Family Division
LC No. 21-002226-PH

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order denying his motion to terminate a nondomestic personal protection order (PPO). For the reasons set forth in this opinion, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In September 2021, petitioner filed a petition for an ex parte nondomestic PPO against respondent, her daughter's former boyfriend. The petition alleged that petitioner adopted her granddaughter and that respondent now claimed he was the child's father, even though he had initially claimed he was not the father. Petitioner alleged that respondent harassed her and her granddaughter at her granddaughter's school by driving aggressively past them, followed her in public, harassed her at a park by following her around and making rude comments, came to her home despite being asked to stay away from her home, and threatened her in a Facebook post. The trial court issued an ex parte PPO prohibiting respondent from engaging in stalking behavior as defined under MCL 750.411h and MCL 750.411i.

Several days after the ex parte PPO was issued, respondent filed a motion to terminate the ex parte PPO alleging that he was the child's father, that he did not threaten anyone, and that petitioner was "[t]elling lies to keep me from a proper DNA Test." Petitioner testified concerning her allegations that respondent had been harassing her and her granddaughter. Respondent testified that he was at petitioner's granddaughter's school because respondent's nieces attend the same school and he was dropping them off, that he was at Target shopping and saw petitioner

there, that he never followed petitioner, and that he went to petitioner's home on Mother's Day to give her flowers. The trial court denied respondent's motion to terminate the PPO and this appeal ensued.

## II. ANALYSIS

Respondent argues that the trial court violated his right to due process by denying respondent's counsel from completing his cross-examination of petitioner, preventing respondent's counsel from conducting the direct examination of respondent, and denying respondent's counsel the opportunity to present proposed exhibits and call additional witnesses.

Generally, this Court reviews a trial court's decisions whether to grant, deny, or terminate a PPO for an abuse of discretion. *CAJ v KDT*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 355433); slip op at 3. Underlying factual findings are reviewed for clear error. *Id*. "Whether due process has been afforded is a constitutional issue that is reviewed de novo." *Id*. (quotation marks and citation omitted).

However, respondent did not raise any of these due-process issues in the trial court, and respondent's appellate arguments are therefore unpreserved. *Id*. ("An issue is preserved if it is raised in the trial court and pursued on appeal."). We review unpreserved issues on appeal for plain error affecting substantial rights. *Id*. "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. (quotation marks and citation omitted).

This Court has explained that

> [t]he federal and Michigan constitutions guarantee that the state cannot deny people "life, liberty, or property without due process of law." US Const, Am XIV; Const. 1963, art. 1, § 17. Due process, which is similarly defined under both constitutions, specifically enforces the rights enumerated in the Bill of Rights, and it also provides for substantive and procedural due process. Procedural due process limits actions by the government and requires it to institute safeguards in proceedings that affect those rights protected by due process, such as life, liberty, or property. [*Kampf v Kampf*, 237 Mich App 377, 381-382; 603 NW2d 295 (1999) (some citations omitted).

Hence, due process requires that before the state may deprive a person of liberty or property, "the person be given notice of the proceedings and an opportunity to be heard in a meaningful time and manner." *IME v DBS*, 306 Mich App 426, 434; 857 NW2d 667 (2014). "Any additional procedural protections required by due process are flexible and depend on the particular situation." *Id*.

Here, respondent's due-process argument rests on his assertions that the trial court denied respondent's counsel the opportunity to complete his cross-examination of petitioner, prevented respondent's counsel from conducting the direct examination of respondent, and denied respondent's counsel the opportunity to present proposed exhibits and call additional witnesses. However, respondent never raised any objections on these grounds in the trial court and, more importantly, never made any statement to the trial court during the hearing indicating that he had

further cross-examination questions for petitioner, that he desired to have direct examination of respondent conducted by his counsel, that there was further testimony to elicit from respondent that had not already been placed on the record, that he was moving to admit additional exhibits into evidence, or that he was actually requesting to call additional witnesses to testify. Thus, there is no indication in the record that the trial court denied any of these opportunities to respondent; respondent's counsel never made such requests that could have been denied.

On appeal, respondent does not cite any legal authority for the proposition that his own failure to make certain requests of the trial court is equivalent to the trial court denying him due process of law. Respondent's arguments are thus abandoned because "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Green*, 313 Mich App 526, 535; 884 NW2d 838 (2015) (quotation marks and citation omitted). Furthermore, given that the record does not support respondent's contention that the trial court denied him any opportunity to elicit testimony or present evidence during the hearing, respondent has failed to demonstrate any basis on which we could conclude that he was denied a meaningful opportunity to be heard. *IME*, 306 Mich App at 434. It is apparent that respondent now simply regrets how he squandered his opportunity to be heard in the trial court, but that regret does not entitle him to appellate relief.

Moreover, respondent has not made any offer of proof regarding the substance of any evidence he claims would have been admitted through further cross-examination of petitioner, further testimony of respondent, additional witness testimony, or evidentiary exhibits. Accordingly, there is nothing in the record from which we could determine that respondent was prejudiced. *CAJ*, ___ Mich App at ___; slip op at 3. Respondent has not shown that plain error requiring reversal occurred. *Id*.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron

-3-